**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | x | |
| | : | |
| | : | |
| AIP ACQUISITION LLC, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. _____ |
| | : | |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| COMCAST CORPORATION, | : | |
| COMCAST CABLE COMMUNICATIONS, LLC, | : | |
| COMCAST CABLE COMMUNICATIONS | : | |
| MANAGEMENT, LLC, | : | |
| COMCAST IP PHONE, LLC, and | : | |
| COMCAST BUSINESS COMMUNICATIONS, | : | |
| LLC, | : | |
| | : | |
| Defendants. | : | |
| | x | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff AIP Acquisition LLC ("AIP") by way of this Complaint against Comcast

Corporation ("Comcast Corporation"), Comcast Cable Communications, LLC ("Comcast

Cable"), Comcast Cable Communications Management, LLC ("Comcast Management"),

Comcast IP Phone, LLC ("Comcast Phone"), and Comcast Business Communications, LLC

("Comcast Business") (collectively "Comcast" or "Defendants"), hereby alleges with knowledge

with respect to its own acts and upon information and belief with respect to all others:

**PARTIES**

1.      AIP is a limited liability company organized and existing under the laws of the

State of Delaware, with its principal place of business at 2200 Fletcher Avenue, 5th Floor, Fort

Lee, New Jersey 07024.

2.      Comcast Corporation is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at One Comcast Center, 1701 JFK Blvd., Philadelphia, Pennsylvania 19103-2838.

3.      Comcast Cable is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at One Comcast Center, 1701 JFK Blvd., Philadelphia, Pennsylvania 19103-2838.  Comcast Cable may be served with process via its registered agent, Comcast Capital Corporation, 1201 N. Market Street, Suite 1000, Wilmington, Delaware 19801.

4.      Comcast Management is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at One Comcast Center, 1701 JFK Blvd., Philadelphia, Pennsylvania 19103-2838.  Comcast Management may be served with process via its registered agent, Comcast Capital Corporation, 1201 N. Market Street, Suite 1000, Wilmington, Delaware 19801.

5.      Comcast Phone is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at One Comcast Center, 1701 JFK Blvd., Philadelphia, Pennsylvania 19103-2838.

6.      Comcast Business is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at One Comcast Center, 1701 JFK Blvd., Philadelphia, Pennsylvania 19103-2838.

7.      Comcast Corporation is the direct or indirect parent of each of Comcast Cable Communications, LLC, Comcast Cable Communications Management, LLC, Comcast IP Phone, LLC, and Comcast Business Communications, LLC.

8.      Comcast Corporation owns and operates cable systems in the United States through one or more of its subsidiaries, affiliates, partners, or other related parties.

## JURISDICTION AND VENUE

9.      This is a civil action for patent infringement arising under 35 U.S.C. §§ 100, *et seq.*, and in particular § 271.

10.     This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. § 1338(a).

11.     This Court has personal jurisdiction over Defendants.  Defendants, or one or more of their affiliates, regularly conduct and solicit business in Delaware and derives substantial revenue from goods used or services rendered in Delaware and within this judicial district.

12.     Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b) because Defendants have committed acts of infringement in this judicial district.

## FACTUAL BACKGROUND

*AIP and the Patents*

13.     The members of AIP are former shareholders of Arbinet Corporation ("Arbinet"). Arbinet, a public company, was founded in 1996 by Alex Mashinsky, an entrepreneur and named inventor on over fifty patent applications.  Since then, Mr. Mashinsky has launched several other successful telecommunications and transportation companies, including Transit Wireless, the exclusive provider of certain wireless services to commuters in the New York City subway system.

14.     Arbinet is a leading wholesale international voice and data communications service provider, operating an electronic market for cost-effective and efficient trading, routing

and settling of communications capacity.  Arbinet owned a significant telecommunications patent portfolio, including a number of Mr. Mashinsky's patents.

15.     In late 2010, Arbinet was acquired by another entity.  Subsequently, a majority of Arbinet shareholders organized AIP, and acquired Arbinet's portfolio of patents and patent applications. The patents in suit are part of this portfolio.

16.     Four of AIP's communications patents are at issue here.  These patents concern methods and systems for efficient communication and call processing.  Mr. Mashinsky is the named inventor on all of these patents.

17.     On December 17, 2002, the United States Patent and Trademark Office issued United States Patent No. 6,496,579 ("the '579 Patent") on, *inter alia*, connection of a call between a calling location and a called location through use of a control location, in which information is received at a control location for a calling telephone equipment and a called telephone equipment; a determination is made whether a call from the calling location to the called location should be connected via a telecommunication network; and the call is connected from the calling party access number to the called party access number via the telecommunication network.  The '579 Patent is entitled METHOD OF AND SYSTEM FOR EFFICIENT USE OF TELECOMMUNICATION NETWORKS.  A copy of the '579 Patent is attached as Exhibit A.

18.     On June 20, 2000, the United States Patent and Trademark Office issued United States Patent No. 6,078,654 ("the '654 Patent") on, *inter alia*, connection of a call between a calling location and a called location through use of a control location, in which a transmission path is selected in a manner transparent to the called party and calling party; information is received at a control location for a calling telephone equipment and a called telephone

equipment; a determination is made whether a call from the calling location to the called location should be connected via a telecommunication network; and the call is connected from the calling party access number to the called party access number via the telecommunication network. The '654 Patent is entitled METHOD OF AND SYSTEM FOR EFFICIENT USE OF TELECOMMUNICATION NETWORKS. A copy of the '654 Patent is attached as Exhibit B.

19.     On February 13, 2001, the United States Patent and Trademark Office issued United States Patent No. 6,188,756 ("the '756 Patent") on, *inter alia*, the use of a communication network involving receiving a calling party access number and a called party access number; checking a status on each of a plurality of locations associated with the called party access number; identifying which location is accessible by the called party; and routing the communication accordingly and converting the communication into a compatible format. The '756 Patent is entitled EFFICIENT COMMUNICATION THROUGH NETWORKS. A copy of the '756 Patent is attached as Exhibit C.

20.     On May 25, 2010, the United States Patent and Trademark Office issued United States Patent No. 7,724,879 ("the '879 Patent") on the communication between two telecommunication nodes involving a transmission that includes, *e.g.*, a call setup request or signaling messages in a telecommunication protocol over a telephone network; converting the transmission to an internet protocol; transmitting the transmission over a data network; converting the transmission to a telecommunication protocol; and transmitting the transmission to the second telecommunication node. The '879 Patent is entitled EFFICIENT COMMUNICATION THROUGH NETWORKS. A copy of the '879 Patent is attached as Exhibit D.

21.     AIP is the assignee of the '579, '654, '756, and '879 Patents (collectively, "the Patents").

***Comcast's Infringing Services***

22.     Defendants make, use offer for sale, and/or sell within this judicial district at least the following infringing communications services:

        a.     Business VoiceEdge Service with "click-to-dial" features;

        b.     Comcast Business Class Voice Service with "simultaneous ring" features;

        c.     XFINITY Voice; and

        d.     Business Class PRI Trunk Service.

23.     The communications service identified in Paragraph 22(a) provides connection of a call between a calling location and a called location through use of a control location, in which information is received at a control location for a calling telephone equipment and a called telephone equipment; a determination is made whether a call from the calling location to the called location should be connected via a telecommunication network; and the call is connected from the calling party access number to the called party access number via the telecommunication network.

24.     The communications service identified in Paragraph 22(a) provides connection of a call between a calling location and a called location through use of a control location, in which a transmission path is selected in a manner transparent to the called party and calling party; information is received at a control location for a calling telephone equipment and a called telephone equipment; a determination is made whether a call from the calling location to the called location should be connected via a telecommunication network; and the call is connected

from the calling party access number to the called party access number via the telecommunication network.

25.     The communications service identified in Paragraph 22(b) provides the use of a communication network involving receiving a calling party access number and a called party access number; checking a status on each of a plurality of locations associated with the called party access number; identifying which location is accessible by the called party; and routing the communication accordingly and converting the communication into a compatible format.

26.     The communications services identified in Paragraph 22(c) and 22(d) provide communication between two telecommunication nodes involving a transmission that includes a call setup request or signaling messages in a telecommunication protocol over a telephone network; converting the transmission to an internet protocol; transmitting the transmission over a data network; converting the transmission to a telecommunication protocol; and transmitting the transmission to the second telecommunication node.

27.     Discovery may show that Defendants make, use, offer for sale, and/or sell additional infringing communications services.

### CLAIMS FOR RELIEF

**Count I: Infringement of the '579 Patent**

28.     AIP repeats and re-alleges Paragraphs 1-27 as if fully set forth herein.

29.     Comcast, through at least the service identified in Paragraph 22(a), has been and still is infringing the '579 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '579 Patent, including at least Claims 1 and 5 of the '579 Patent.

30.     As a direct and proximate result of Comcast's acts of infringement, AIP has been, is being, and will be damaged.  Consequently, AIP is entitled to compensation for its damages from Comcast under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

## Count II: Infringement of the '654 Patent

31.     AIP repeats and re-alleges Paragraphs 1-30 as if fully set forth herein.

32.     Comcast, through at least the service identified in Paragraph 22(a), has been and still is infringing the '654 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '654 Patent, including at least Claims 1 and 5 of the '654 Patent.

33.     As a direct and proximate result of Comcast's acts of infringement, AIP has been, is being, and will be damaged.  Consequently, AIP is entitled to compensation for its damages from Comcast under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

## Count III: Infringement of the '756 Patent

34.     AIP repeats and re-alleges Paragraphs 1-33 as if fully set forth herein.

35.     Comcast, through at least the service identified in Paragraph 22(b), has been and still is infringing the '756 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '756 Patent, including at least Claim 8 of the '756 Patent.

36.     As a direct and proximate result of Comcast's acts of infringement, AIP has been, is being, and will be damaged.  Consequently, AIP is entitled to compensation for its damages

from Comcast under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### Count IV: Infringement of the '879 Patent

37. AIP repeats and re-alleges Paragraphs 1-36 as if fully set forth herein.

38. Comcast, through at least the services identified in Paragraph 22(c) and 22(d), has been and still is infringing the '879 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '879 Patent, including at least Claim 1 of the '879 Patent.

39. As a direct and proximate result of Comcast's acts of infringement, AIP has been, is being, and will be damaged. Consequently, AIP is entitled to compensation for its damages from Comcast under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### DEMAND FOR JURY TRIAL

40. AIP requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, AIP respectfully asks the Court for the following relief:

(i)     A judgment declaring that Comcast has infringed the '579 Patent as alleged herein;

(ii)    A judgment declaring that Comcast has infringed the '654 Patent as alleged herein;

(iii)   A judgment declaring that Comcast has infringed the '756 Patent as alleged herein;

(iv)     A judgment declaring that Comcast has infringed the '879 Patent as alleged

herein;

(v)      A judgment awarding AIP damages under 35 U.S.C. § 284;

(vi)     A judgment and order granting supplemental damages for any continuing post-

verdict infringement up until entry of the final judgment with an accounting as

needed;

(vii)    A judgment and order awarding AIP pre-judgment and post-judgment interest on

the damages awarded; and

(viii)   Such other and further relief as the Court deems just and equitable.

December 11, 2012                                BAYARD, P.A.

OF COUNSEL:                                      */s/ Stephen B. Brauerman*
                                                 Richard D. Kirk (rk0922)
COHEN & GRESSER LLP                              Stephen B. Brauerman (sb4952)
Karen H. Bromberg                                222 Delaware Avenue, Suite 900
Francisco A. Villegas                            P.O. Box 25130
Damir Cefo                                       Wilmington, Delaware 19899
800 Third Avenue                                 rkirk@bayardlaw.com
New York, New York 10022                         sbrauerman@bayardlaw.com
kbromberg@cohengresser.com                       (302) 655-5000
fvillegas@cohengresser.com
dcefo@cohengresser.com
(212) 957-7600

                                                 *Attorneys for AIP Acquisition LLC*