IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AIP ACQUISITION LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 12-1690 (GMS) |
| | ) |
| COMCAST CORPORATION, COMCAST | ) **JURY TRIAL DEMANDED** |
| CABLE COMMUNICATIONS, LLC, | ) |
| COMCAST CABLE COMMUNICATIONS | ) |
| MANAGEMENT, LLC, COMCAST IP | ) |
| PHONE, LLC, and COMCAST BUSINESS | ) |
| COMMUNICATIONS, LLC, | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF COMCAST DEFENDANTS
## TO COMPLAINT FOR PATENT INFRINGEMENT

Defendants Comcast Corporation, Comcast Cable Communications, LLC ("Comcast

Cable"), Comcast Cable Communications Management, LLC ("Comcast Management"),

Comcast IP Phone, LLC ("Comcast Phone"), and Comcast Business Communications, LLC

("Comcast Business") (collectively, the "Defendants" or "Comcast"), by their attorneys, hereby

answer the Complaint (the "Complaint") of AIP Acquisition LLC ("AIP") as follows:

### PARTIES

1.      AIP is a limited liability company organized and existing under the laws of the
State of Delaware, with its principal place of business at 2200 Fletcher Avenue, 5th Floor, Fort
Lee, New Jersey 07024.

### ANSWER:

Comcast lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 1 of the Complaint and therefore denies those allegations.

2.      Comcast Corporation is a corporation organized and existing under the laws of the
Commonwealth of Pennsylvania, with its principal place of business at One Comcast Center,
1701 JFK Blvd., Philadelphia, Pennsylvania 19103-2838.

**ANSWER:**

Comcast admits the allegations contained in paragraph 2 of the Complaint.

3.     Comcast Cable is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at One Comcast Center, 1701 JFK Blvd., Philadelphia, Pennsylvania 19103-2838. Comcast Cable may be served with process via its registered agent, Comcast Capital Corporation, 1201 N. Market Street, Suite 1000, Wilmington, Delaware 19801.

**ANSWER:**

Comcast admits the allegations contained in paragraph 3 of the Complaint.

4.     Comcast Management is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at One Comcast Center, 1701 JFK Blvd., Philadelphia, Pennsylvania 19103-2838. Comcast Management may be served with process via its registered agent, Comcast Capital Corporation, 1201 N. Market Street, Suite 1000, Wilmington, Delaware 19801.

**ANSWER:**

Comcast admits the allegations contained in paragraph 4 of the Complaint.

5.     Comcast Phone is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at One Comcast Center, 1701 JFK Blvd., Philadelphia, Pennsylvania 19103-2838.

**ANSWER:**

Comcast admits the allegations contained in paragraph 5 of the Complaint.

6.     Comcast Business is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at One Comcast Center, 1701 JFK Blvd., Philadelphia, Pennsylvania 19103-2838.

**ANSWER:**

Comcast admits the allegations contained in paragraph 6 of the Complaint.

7.     Comcast Corporation is the direct or indirect parent of each of Comcast Cable Communications, LLC, Comcast Cable Communications Management, LLC, Comcast IP Phone, LLC, and Comcast Business Communications, LLC.

**ANSWER:**

Comcast admits the allegations contained in paragraph 7 of the Complaint.

8.      Comcast Corporation owns and operates cable systems in the United States through one or more of its subsidiaries, affiliates, partners, or other related parties.

**ANSWER:**

Comcast Corporation admits that certain of its subsidiaries own and/or operate cable systems in the United States.  Except as expressly admitted, Comcast Corporation denies the allegations contained in paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9.      This is a civil action for patent infringement arising under 35 U.S.C. §§ 100, *et seq.*, and in particular § 271.

**ANSWER:**

Comcast admits that the Complaint purports to be a complaint for patent infringement arising under Title 35 of the United States Code.

10.     This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. § 1338(a).

**ANSWER:**

Comcast admits that this Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1338(a).

11.     This Court has personal jurisdiction over Defendants. Defendants, or one or more of their affiliates, regularly conduct and solicit business in Delaware and derives substantial revenue from goods used or services rendered in Delaware and within this judicial district.

**ANSWER:**

The allegations of paragraph 11 are denied as to Comcast Corporation.  As to all other Defendants, for purposes of this action only, these Defendants will not contest personal jurisdiction in this judicial district.  Defendants deny that they have committed acts of patent infringement in this district or elsewhere.  Defendants deny all other allegations in paragraph 11 of the Complaint.

12.     Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b) because Defendants have committed acts of infringement in this judicial district.

**ANSWER:**

Comcast denies the allegations of paragraph 12 of the Complaint.

## FACTUAL BACKGROUND

### *AIP and the Patents*

13.     The members of AIP are former shareholders of Arbinet Corporation ("Arbinet"). Arbinet, a public company, was founded in 1996 by Alex Mashinsky, an entrepreneur and named inventor on over fifty patent applications. Since then, Mr. Mashinsky has launched several other successful telecommunications and transportation companies, including Transit Wireless, the exclusive provider of certain wireless services to commuters in the New York City subway system.

**ANSWER:**

Comcast lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 13 of the Complaint and therefore denies those allegations.

14.     Arbinet is a leading wholesale international voice and data communications service provider, operating an electronic market for cost-effective and efficient trading, routing and settling of communications capacity. Arbinet owned a significant telecommunications patent portfolio, including a number of Mr. Mashinsky's patents.

**ANSWER:**

Comcast lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 14 of the Complaint and therefore denies those allegations.

15.     In late 2010, Arbinet was acquired by another entity. Subsequently, a majority of Arbinet shareholders organized AIP, and acquired Arbinet's portfolio of patents and patent applications. The patents in suit are part of this portfolio.

**ANSWER:**

Comcast lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 15 of the Complaint and therefore denies those allegations.

16.     Four of AIP's communications patents are at issue here. These patents concern methods and systems for efficient communication and call processing. Mr. Mashinsky is the named inventor on all of these patents.

**ANSWER:**

Comcast lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 16 of the Complaint and therefore denies those allegations.

17.     On December 17, 2002, the United States Patent and Trademark Office issued
United States Patent No. 6,496,579 ("the '579 Patent") on, *inter alia*, connection of a call
between a calling location and a called location through use of a control location, in which
information is received at a control location for a calling telephone equipment and a called
telephone equipment; a determination is made whether a call from the calling location to the
called location should be connected via a telecommunication network; and the call is connected
from the calling party access number to the called party access number via the
telecommunication network. The '579 Patent is entitled METHOD OF AND SYSTEM FOR
EFFICIENT USE OF TELECOMMUNICATION NETWORKS. A copy of the '579 Patent is
attached as Exhibit A.

**ANSWER:**

Comcast admits that what appears to be a copy of U.S. Patent No. 6,496,579 ("the '579

Patent") bearing the title "METHOD OF AND SYSTEM FOR EFFICIENT USE OF

TELECOMMUNICATION NETWORKS" was attached as Exhibit A to the Complaint.

Comcast further admits that the face of the '579 Patent reflects that it was issued on December

17, 2002.  Comcast lacks knowledge or information sufficient to form a belief as to the truth of

the remaining allegations contained in paragraph 17 of the Complaint and therefore denies those

allegations.

18.     On June 20, 2000, the United States Patent and Trademark Office issued United
States Patent No. 6,078,654 ("the '654 Patent") on, *inter alia*, connection of a call between a
calling location and a called location through use of a control location, in which a transmission
path is selected in a manner transparent to the called party and calling party; information is
received at a control location for a calling telephone equipment and a called telephone
equipment; a determination is made whether a call from the calling location to the called location
should be connected via a telecommunication network; and the call is connected from the calling
party access number to the called party access number via the telecommunication network. The
'654 Patent is entitled METHOD OF AND SYSTEM FOR EFFICIENT USE OF
TELECOMMUNICATION NETWORKS. A copy of the '654 Patent is attached as Exhibit B.

**ANSWER:**

Comcast admits that what appears to be a copy of U.S. Patent No. 6,078,654 ("the '654

Patent") bearing the title "METHOD OF AND SYSTEM FOR EFFICIENT USE OF

TELECOMMUNICATION NETWORKS" was attached as Exhibit B to the Complaint.

Comcast further admits that the face of the '654 Patent reflects that it was issued on June 20,

2000.  Comcast lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in paragraph 18 of the Complaint and therefore denies those

allegations.

19.     On February 13, 2001, the United States Patent and Trademark Office issued
United States Patent No. 6,188,756 ("the '756 Patent") on, *inter alia*, the use of a communication
network involving receiving a calling party access number and a called party access number;
checking a status on each of a plurality of locations associated with the called party access
number; identifying which location is accessible by the called party; and routing the
communication accordingly and converting the communication into a compatible format. The
'756 Patent is entitled EFFICIENT COMMUNICATION THROUGH NETWORKS. A copy of
the '756 Patent is attached as Exhibit C.

**ANSWER:**

Comcast admits that what appears to be a copy of U.S. Patent No. 6,188,756 ("the '756

Patent") bearing the title "EFFICIENT COMMUNICATION THROUGH NETWORKS" was

attached as Exhibit C to the Complaint.  Comcast further admits that the face of the '756 Patent

reflects that it was issued on February 13, 2001.  Comcast lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19

of the Complaint and therefore denies those allegations.

20.     On May 25, 2010, the United States Patent and Trademark Office issued United
States Patent No. 7,724,879 ("the '879 Patent") on the communication between two
telecommunication nodes involving a transmission that includes, *e.g.*, a call setup request or
signaling messages in a telecommunication protocol over a telephone network; converting the
transmission to an internet protocol; transmitting the transmission over a data network;
converting the transmission to a telecommunication protocol; and transmitting the transmission
to the second telecommunication node. The '879 Patent is entitled EFFICIENT

COMMUNICATION THROUGH NETWORKS. A copy of the '879 Patent is attached as
Exhibit D.

**ANSWER:**

Comcast admits that what appears to be a copy of U.S. Patent No. 7,724,879 ("the '879

Patent") bearing the title "EFFICIENT COMMUNICATION THROUGH NETWORKS" was

attached as Exhibit D to the Complaint. Comcast further admits that the face of the '879 Patent

reflects that it was issued on February 13, 2001. Comcast lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20

of the Complaint and therefore denies those allegations.

21.     AIP is the assignee of the '579, '654, '756, and '879 Patents (collectively, "the
Patents").

**ANSWER:**

Comcast lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 21 of the Complaint and therefore denies those allegations.

### *Comcast's Allegedly Infringing Services*

22.     Defendants make, use offer for sale, and/or sell within this judicial district at least
the following infringing communications services:

     a.     Business VoiceEdge Service with "click-to-dial" features;

     b.     Comcast Business Class Voice Service with "simultaneous ring" features;

     c.     XFINITY Voice; and

     d.     Business Class PRI Trunk Service

**ANSWER:**

Comcast denies the allegations contained in paragraph 22 of the Complaint.

23.     The communications service identified in Paragraph 22(a) provides connection of
a call between a calling location and a called location through use of a control location, in which
information is received at a control location for a calling telephone equipment and a called
telephone equipment; a determination is made whether a call from the calling location to the

called location should be connected via a telecommunication network; and the call is connected from the calling party access number to the called party access number via the telecommunication network.

**ANSWER:**

Comcast denies the allegations contained in paragraph 23 of the Complaint.

24.    The communications service identified in Paragraph 22(a) provides connection of a call between a calling location and a called location through use of a control location, in which a transmission path is selected in a manner transparent to the called party and calling party; information is received at a control location for a calling telephone equipment and a called telephone equipment; a determination is made whether a call from the calling location to the called location should be connected via a telecommunication network; and the call is connected from the calling party access number to the called party access number via the telecommunication network.

**ANSWER:**

Comcast denies the allegations contained in paragraph 24 of the Complaint.

25.    The communications service identified in Paragraph 22(b) provides the use of a communication network involving receiving a calling party access number and a called party access number; checking a status on each of a plurality of locations associated with the called party access number; identifying which location is accessible by the called party; and routing the communication accordingly and converting the communication into a compatible format.

**ANSWER:**

Comcast denies the allegations contained in paragraph 25 of the Complaint.

26.    The communications services identified in Paragraph 22(c) and 22(d) provide communication between two telecommunication nodes involving a transmission that includes a call setup request or signaling messages in a telecommunication protocol over a telephone network; converting the transmission to an internet protocol; transmitting the transmission over a data network; converting the transmission to a telecommunication protocol; and transmitting the transmission to the second telecommunication node.

**ANSWER:**

Comcast denies the allegations contained in paragraph 26 of the Complaint.

27.    Discovery may show that Defendants make, use, offer for sale, and/or sell additional infringing communications services.

**ANSWER:**

Comcast denies the allegations contained in paragraph 27 of the Complaint.

## CLAIMS FOR RELIEF

### Count I: Alleged Infringement of the '579 Patent

28.     AIP repeats and re-alleges Paragraphs 1-27 as if fully set forth herein.

**ANSWER:**

Comcast repeats its responses to paragraphs 1-27 of the Complaint as if fully set forth

herein.

29.     Comcast, through at least the service identified in Paragraph 22(a), has been and still is infringing the '579 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '579 Patent, including at least Claims 1 and 5 of the '579 Patent.

**ANSWER:**

Comcast denies the allegations contained in paragraph 29 of the Complaint.

30.     As a direct and proximate result of Comcast's acts of infringement, AIP has been, is being, and will be damaged. Consequently, AIP is entitled to compensation for its damages from Comcast under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

**ANSWER:**

Comcast denies the allegations contained in paragraph 30 of the Complaint.

### Count II: Alleged Infringement of the '654 Patent

31.     AIP repeats and re-alleges Paragraphs 1-30 as if fully set forth herein.

**ANSWER:**

Comcast repeats its responses to paragraphs 1-30 of the Complaint as if fully set forth

herein.

32.     Comcast, through at least the service identified in Paragraph 22(a), has been and still is infringing the '654 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '654 Patent, including at least Claims 1 and 5 of the '654 Patent.

**ANSWER:**

Comcast denies the allegations contained in paragraph 32 of the Complaint.

33.    As a direct and proximate result of Comcast's acts of infringement, AIP has been, is being, and will be damaged. Consequently, AIP is entitled to compensation for its damages from Comcast under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

**ANSWER:**

Comcast denies the allegations contained in paragraph 33 of the Complaint.

### Count III: Alleged Infringement of the '756 Patent

34.    AIP repeats and re-alleges Paragraphs 1-33 as if fully set forth herein.

**ANSWER:**

Comcast repeats its responses to paragraphs 1-33 of the Complaint as if fully set forth

herein.

35.    Comcast, through at least the service identified in Paragraph 22(b), has been and still is infringing the '756 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '756 Patent, including at least Claim 8 of the '756 Patent.

**ANSWER:**

Comcast denies the allegations contained in paragraph 35 of the Complaint.

36.    As a direct and proximate result of Comcast's acts of infringement, AIP has been, is being, and will be damaged. Consequently, AIP is entitled to compensation for its damages from Comcast under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

**ANSWER:**

Comcast denies the allegations contained in paragraph 36 of the Complaint.

### Count IV: Alleged Infringement of the '879 Patent

37.    AIP repeats and re-alleges Paragraphs 1-36 as if fully set forth herein.

**ANSWER:**

Comcast repeats its responses to paragraphs 1-37 of the Complaint as if fully set forth

herein.

38.     Comcast, through at least the services identified in Paragraph 22(c) and 22(d), has been and still is infringing the '879 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '879 Patent, including at least Claim 1 of the '879 Patent.

**ANSWER:**

Comcast denies the allegations contained in paragraph 38 of the Complaint.

39.     As a direct and proximate result of Comcast's acts of infringement, AIP has been, is being, and will be damaged. Consequently, AIP is entitled to compensation for its damages from Comcast under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

**ANSWER:**

Comcast denies the allegations contained in paragraph 39 of the Complaint.

## DEMAND FOR JURY TRIAL

40.     AIP requests a trial by jury on all issues so triable.

**ANSWER:**

Paragraph 40 sets forth AIP's demand for a jury trial, to which no response is required.

## PRAYER FOR RELIEF

**ANSWER:**

These paragraphs set forth the statement of relief requested by AIP, to which no response is required. Defendants deny that AIP is entitled to any of the requested relief and deny any allegations contained in these paragraphs. Defendants request that a take-nothing judgment be entered in its favor against AIP on each and every count contained in the Complaint.

## DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Defendants assert the following defenses. Defendants reserve the right to amend this answer with additional defenses as further information is obtained. Defendants assert each of these defenses in the alternative, without admitting that Defendants are in any way liable to Plaintiff, that Plaintiff has

been or will be injured or damaged in any way or that Plaintiff is entitled to any relief

whatsoever.  As a defense to the Complaint and each and every allegation contained therein,

Defendants allege as follows:

## FIRST DEFENSE
### (Failure to State a Claim for Relief)

1.      Plaintiff's claims fail to allege facts sufficient to state a claim for relief against

Defendants.

## SECOND DEFENSE
### (Non-Infringement)

2.      Defendants have not infringed either literally or under the doctrine of equivalents,

any valid and enforceable claim of the '579 patent.

3.      Defendants have not infringed either literally or under the doctrine of equivalents,

any valid and enforceable claim of the '654 patent.

4.      Defendants have not infringed either literally or under the doctrine of equivalents,

any valid and enforceable claim of the '756 patent.

5.      Defendants have not infringed either literally or under the doctrine of equivalents,

any valid and enforceable claim of the '879 patent.

## THIRD DEFENSE
### (Invalidity)

6.      The claims of the '579 patent are invalid and/or void for failure to meet the

conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., and more particularly fail to

comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112 thereof,

and/or the Rules and Regulations of the U.S. Patent & Trademark Office set forth in Title 37 of

the Code of Federal Regulations.

7.     The claims of the '654 patent are invalid and/or void for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., and more particularly fail to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112 thereof, and/or the Rules and Regulations of the U.S. Patent & Trademark Office set forth in Title 37 of the Code of Federal Regulations.

8.     The claims of the '756 patent are invalid and/or void for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., and more particularly fail to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112 thereof, and/or the Rules and Regulations of the U.S. Patent & Trademark Office set forth in Title 37 of the Code of Federal Regulations.

9.     The claims of the '879 patent are invalid and/or void for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., and more particularly fail to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112 thereof, and/or the Rules and Regulations of the U.S. Patent & Trademark Office set forth in Title 37 of the Code of Federal Regulations.

## FOURTH DEFENSE
### (Laches / Estoppel / Waiver)

10.     AIP cannot recover any damages from Comcast for any alleged infringement due to the doctrines of laches, estoppel, and/or waiver.  On information and belief, AIP and/or its predecessors or affiliates were aware of Comcast's allegedly infringing products and services well before filing the Complaint and, by not pursuing these claims sooner, any right to assert those claims was waived and/or rendered unwarranted.  Such delay was unreasonably long and prejudicial to Comcast.

### FIFTH DEFENSE
**(Failure to Provide Notice)**

11.     To the extent that AIP failed to meet the requirements of 35 U.S.C. § 287, AIP is precluded from seeking damages from Comcast for any and all alleged infringement prior to the date of notice of any alleged infringement.

### SIXTH DEFENSE
**(Limits on Doctrine of Equivalents)**

12.     To the extent that AIP's alleged cause of action for infringement of the '579, '654, '756, and/or '879 Patents is based on the doctrine of equivalents, it is barred under the doctrine of prosecution history estoppel and/or other limits to the doctrine of equivalents, and AIP is stopped from claiming that the '579, '654, '756, and/or '879 Patents patent cover any accused Comcast method, system, service, and/or product.

### SEVENTH DEFENSE
**(Statute of Limitations)**

13.     AIP is barred from receiving at least a portion of its alleged monetary damages for alleged infringement of the '579, '654, and/or '756  patents by the statute of limitations of 35 U.S.C. § 286.

### DEMAND FOR JURY TRIAL

Comcast hereby demands a trial by jury on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

Michael L. Brody
Ivan Poullaos
Winston & Strawn LLP
35 West Wacker Dr.
Chicago, Illinois 60601
Telephone: (312) 558-5600

Krishnan Padmanabhan
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193
Telephone:  (212) 294-6700

_____

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
psaindon@mnat.com

*Attorneys for Defendants Comcast
Corporation, Comcast Cable Communications,
LLC, Comcast Cable Communications
Management, LLC, Comcast IP Phone, LLC,
and Comcast Business Communications, LLC*

February 5, 2013
6988094

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 5, 2013, upon the following in the manner indicated:

Richard D. Kirk, Esquire                                    *VIA ELECTRONIC MAIL*
Stephen B. Brauerman, Esquire
BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE  19801

Karen J. Bromberg, Esquire                                  *VIA ELECTRONIC MAIL*
Francisco A. Villegas, Esquire
Damir Cefo, Esquire
COHEN & GRESSER LLP
800 Third Avenue
New York, NY  10022


_____
Jack B. Blumenfeld (#1014)